UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 1:02-CR-56

Hon. Richard Alan Enslen

SEVERO GARCIA-MEZA,

    Defendant.

**OPINION**

_____/

    This matter is before the Court to review Defendant Severo Garcia-Meza's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. The briefing is completed in that Plaintiff United States of America has timely responded and Defendant has filed an untimely reply, which has nevertheless been considered. The Court now reviews the briefing in accordance with Rule 8(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Upon such review, the Court determines that no evidentiary hearing is warranted and the Motion should be denied.

### BACKGROUND

    Defendant was convicted by a jury verdict returned on July 15, 2003 of the offenses of assault with a dangerous weapon (count one) and first-degree murder (count two). The offense was committed on the grounds of the Grand Traverse Band of Ottawa and Chippewa Indians' reservation. (Stip., Dkt. No. 146, ¶ 4 ; Trial Transcript ("T.T."), Vol. IV, 635-37.) The victim of the assault (a minor) and the victim of the murder (the minor's mother) are/were Indians and the Defendant is non-Indian. (Stip., Dkt. No. 146, ¶¶ 1-3.) Defendant was sentenced on November 4, 2003 to a term of

life imprisonment on count two and a concurrent term of 120 months on count one. (J., Dkt. No. 174.) The sentence also included two concurrent terms of supervised release, 36 months each, applicable to both counts. (*Id.*)

Defendant, through counsel, appealed his convictions and sentence. On April 5, 2005, the Sixth Circuit Court of Appeals issued its decision, which affirmed Defendant's convictions. Defendant had argued that the presentation of evidence under Federal Rule of Evidence 404(b) ( his previous assault of the murder victim), the instructions regarding first-degree murder, and the government's rebuttal argument were in error and required reversal. In its ruling, the Sixth Circuit rejected all of these arguments.[1] Appellate counsel did not petition for a writ of *certiorari* regarding the Sixth Circuit's decision.

Defendant timely filed his Motion on or about June 27, 2006, the date he gave the Motion to prison officials for mailing. *See* Rule 3(d) of Rules Governing Section 2255 Proceedings for the United States District Courts (giving prisoner mailbox rule); *Houston v. Lack*, 487 U.S. 266, 270 (1988) (same). The Motion was received by the Clerk and placed on the docket on June 30, 2006.

Defendant's Motion asserts four grounds for relief: (1) that appellate counsel was ineffective for failing to petition for a writ of *certiorari* from the United States Supreme Court and/or to move for rehearing regarding the prosecution's introduction of Rule 404(b) evidence; (2) that the imposition of a term of supervised release for the murder offense was outside of the District Court's jurisdiction; (3) that the first degree murder charge violated Defendant's constitutional rights to a

---

[1] Rather than simply repeat words, the Court adopts by reference the Sixth Circuit's statement of the trial record as to these issues. *See United States v. Garcia-Meza*, 403 F.3d 364, 366-67, 372-73 (6th Cir. 2005). Such statement is substantially similar to the United States' statement of the record in its Response, which the Court also approves by reference.

fair trial and trial counsel was ineffective for failing to move to quash the Indictment; and (4) that the restitution order as enforced by the Federal Bureau of Prisons constituted a violation of Defendant's rights to Due Process of Law.[2]

### **SECTION 2255 LEGAL STANDARDS**

In *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999), the Sixth Circuit summarized the basic legal standards for relief under section 2255 as follows:

> To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-638, 113 S. Ct. 1710, 1721-1722, 123 L.Ed.2d 353 (1993). To prevail on a § 2255 motion alleging non-constitutional error, the petitioner must establish a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (citing *Hill v. United States*, 368 U.S. 424, 428, 82 S. Ct. 468, 471, 7 L.Ed.2d 417 (1962)).

*Id*. Technical violations of the sentencing guidelines do not warrant relief under the statute. *See Grant v. United States*, 72 F.3d 503, 505-6 (6th Cir. 1996) (holding that a guideline calculation dispute was not a "constitutional error" warranting relief under section 2255).

Relief under section 2255 is not intended to substitute for an appeal. *United States v. Timmreck*, 441 U.S. 780, 784 (1979). The movant must ordinarily show "cause" for failure to raise the issue on direct appeal and "actual prejudice" resulting from the error. *Murr v. United States*, 200 F.3d 895, 900 (6th Cir. 2000) (citing *United States v. Frady*, 456 U.S. 152, 164-67 (1982)).

Under certain circumstances, constitutionally ineffective assistance of counsel may constitute both a violation of Defendant's Sixth Amendment rights and "cause" for the failure to raise issues

---

[2]The Court takes this numbering (as it relates to grounds one, two and three) from paragraph 12 of the Motion. Defendant later numbers the grounds differently in his attached brief and adds a fourth ground relating to the restitution.

on direct appeal. The United States Supreme Court's bell-weather decision on effective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, to establish ineffective assistance of counsel, the movant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Id.* at 687. In gauging counsel's performance, the Supreme Court emphasized that,

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to secondguess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

*Id.* at 689 (citations omitted). In determining prejudice, the courts are to determine whether, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

### LEGAL ANALYSIS

**1. Ground One–Ineffective Assistance of Appellate Counsel**

Defendant argues in his Motion that appellate counsel was ineffective in failing to seek rehearing as to the Sixth Circuit's decision and in failing to request a writ of *certiorari* from the United States Supreme Court. Defendant is correct in his assertion that he had a right to assistance of counsel on direct appeal through the time for filing both a petition for rehearing and a petition for

*certiorari*. This has been made clear by a bevy of federal cases and authorities including, *Wilkins v. United States*, 441 U.S. 468, 470 (1979); *Doherty v. United States*, 404 U.S. 28, 28-29 (1971); *Schreiner v. United States*, 404 U.S. 67, 68 (1971); *Self v. United States*, 574 F.2d 363, 366 (6th Cir. 1978); *United States v. Howell*, 37 F.3d 1207, 1209 (7th Cir. 1994); Sixth Cir. Suppl. P. R. 101(g). Those cases, however, do not suggest that the right to assistance is based upon constitutional right as opposed to a statutory construction of 18 U.S.C. § 3006A. *See United States v. Brown*, 973 F. Supp. 530, 532 (D. Md. 1997) (holding that federal criminal defendant had no constitutional right to assistance to file a writ for *certiorari*).

      Further, there are a great number of reasons why the issuance of any relief on these grounds would be inappropriate. The *Wilkins/Doherty/Schreiner* triad by the Supreme Court made clear that the appropriate avenue for relief when counsel is improperly denying a request to file a post-decision petition on a direct appeal is for the defendant to file a motion with the Court of Appeals for appointment of substitute counsel within the time period for the filing of the petition. Once this is done, the Court of Appeals then has authority to re-enter its judgment for the purpose of permitting new counsel to file a timely petition. In this instance, Defendant has sought relief in the District Court which is without jurisdictional authority to vacate and re-enter the judgment of the Sixth Circuit Court of Appeals (the procedural step necessary to permit a delayed petition).

      Furthermore, the request is made long after the time for filing a timely petition under Federal Rules of Appellate Procedure 35(c) and 40(a)(1) (giving 14-day deadline from the filing of judgment to file a petition for rehearing or rehearing *en banc*) and under United States Supreme Court Rule 13.1 (giving 90-day deadline from the filing of judgment to file a petition for *certiorari*). In *Self*, the Sixth Circuit denied a motion for relief when no timely request was made to defendant's counsel.

*Self,* 574 F.2d at 366. Here, while Defendant has said that he requested counsel to file these petitions, he has not said that the request to counsel was made within the required deadlines. Nor has he provided any contemporaneous correspondence or even a specific affidavit to plausibly support a claim that a timely request was made.

Finally, Defendant's argument ignores the language of Sixth Circuit Supplemental Rule 101(g) which requires the filing of a post-decision petition only if "in counsel's considered judgment there are grounds for seeking . . . review." Although that Rule applies to the filing of a *certiorari* petition *per se*, its logic extends to the filing of a rehearing petition, which like *certiorari*, is a limited form of relief reserved for narrow circumstances. Defendant's arguments fail to show any violation of the Sixth Circuit's Rule, let alone constitutional standards, in that his simple disagreement with a panel decision[3] does not provide a non-frivolous basis for the filing of either a *certiorari* petition or a petition for rehearing. Therefore, relief will be denied on this ground both on the merits and due to absence of subject matter jurisdiction to approve the relief sought.

**2. Ground 2–Supervised Release Term, Lack of Jurisdiction**

Defendant argues that this Court was without subject matter jurisdiction to impose a term of supervised release. The argument is contrary to the terms of 18 U.S.C. § 3583(a) and (b)(1), which contains broad catchall provisions authorizing the imposition of a term of supervised release as to any felony, including class A felonies such as Defendant's first-degree murder conviction.

---

[3]Defendant cites the cases of *Owens v. United States,* 426 F.3d 800, 809 (6th Cir. 2005) and *Ludwig v. United States*, 162 F.3d 456 (6th Cir. 1998). The *Owens* case affirmed the defendant's conviction, but reversed and remanded for re-sentencing due to the Supreme Court's then new *Booker* jurisprudence. The *Ludwig* decision remanded to determine whether appointed counsel had failed to timely perfect an appeal (which is a usual subject for section 2255 litigation). Neither case provides support for the relief sought.

Furthermore, as argued by the Government, Defendant's argument was waived at sentencing and on appeal. Section 2255 relief cannot issue without a showing of a "substantial and injurious effect or influence on the proceedings." *Humpress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005). No such effects are present here since the supervised release term purports to follow a natural life sentence.

To the extent that Defendant maintains that the trial counsel was ineffective in not making his present argument, Defendant cannot meet the standards applicable under *Strickland*. Namely, trial counsel cannot raise all possible arguments in any hearing, but must in the ordinary course make strategic choices which typically require court deference to the attorney's professional judgment. *See Lyons v. Jackson*, 299 F.3d 588, 598 (6th Cir. 2002). The strategic choice to concentrate upon the arguments asserted by trial counsel (which if granted would have thwarted the first-degree murder conviction entirely), was a logical strategic attempt by counsel to secure the most significant relief on Defendant's behalf. Defendant's argument fails to show cause and prejudice as required by *Strickland*.

### 3. Ground Three–First-Degree Murder Charge

Defendant argues as to the first-degree murder charge that its submission to the jury was fundamentally unfair and defense counsel should have moved to quash the first-degree murder charge. Although this argument is boldly asserted, it is made in contravention of the record facts which convicted Defendant in the eyes of a dozen jurors. The record evidence included eyewitness testimony and admissions by Defendant from which the jurors could have rationally concluded that Defendant, while sober, took a steak knife, hid the knife in his coat, walked a prolonged distance with it before entering the victim's mother's house, and stabbed the victim in the heart due to

jealousy and other petty grievances. This record is more than sufficient to support Defendant's conviction on first-degree murder. *See United States v. Wesley,* 417 F.3d 612, 617 (6th Cir. 2005) (citing *Jackson v. Virginia,* 443 U.S. 307, 319 (1979)). The suggested conclusion that the conviction was fundamentally unfair and/or counsel should have moved to quash the charge is not supported by the record or by any reasonable construction of federal law.[4] To the extent that counsel did not move to quash the charge, such decision was a valid exercise of the attorney's professional judgment. *See Strickland*, 466 U.S. at 689; *Wainwright v. Sykes*, 433 U.S. 72, 93 (1977) (C.J. Burger, concurring). The Court has little need for such frivolous motions, a fact not lost upon defense counsel.

**4. Ground 4–Restitution Enforcement**

Defendant's argument as to restitution is not that the restitution judgment was mistaken, but rather that the Federal Bureau of Prisons has somehow violated the judgment by insisting upon rapid repayment of the restitution obligation as a condition for Defendant's employment with the UNICOR program.[5] The criminal judgment set forth *minimum*, not maximum, repayment requirements pertinent to restitution. Consistent with the judgment, the Federal Bureau of Prisons required Defendant to develop a financial plan which involved payment of the restitution amount. *See* 28 U.S.C. § 545.11(a). The failure to participate in that process or comply with a payment plan, should such occur, authorizes the Bureau of Prisons, as part of its consistent practice, to foreclose Defendant from UNICOR employment. *See* 28 U.S.C. § 545.20(d)(5). The enforcement of usual policy is not

---

[4] Defendant also challenges the jury instructions as to the offense, which instructions have already been affirmed by the Sixth Circuit's prior decision.

[5] UNICOR is federal corrections parlance for Federal Prison Industries, Inc.'s program for employment of federal prisoners. *See* 28 U.S.C. § 345.11(a).

an illicit "threat" or otherwise improper in this instance. While the circumstances of this case bespeak true grief, it is not because Defendant is made to pay a paltry amount of restitution to the Tribe of his victims.

Accordingly, the Court determines that there is no statutory or regulatory violation, let alone any constitutional violation sufficient to warrant remedy under 28 U.S.C. § 2255.

### **CERTIFICATE OF APPEALABILITY**

Pursuant to 28 U.S.C. § 2253, this Court must determine whether to grant a certificate of appealability as to each of the issues raised. The Court has reviewed the issues individually as required by the decisions in *Slack v. McDaniel*, 529 U.S. 473 (2000) and *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001). Upon review, this Court finds that reasonable jurists would not find Defendant's positions debatable with respect to the substantive grounds for denying relief as to all issues asserted. *See Slack*, 529 U.S. at 482-85; *see also Porterfield v. Bell*, 258 F.3d 484, 486 (6th Cir. 2001). Therefore, a certificate of appealability will be denied.

### **CONCLUSION**

For the reasons given, a Final Order shall issue denying Defendant Severo Garcia-Meza's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. The Final Order shall also deny a certificate of appealability as to all issues pursuant to 28 U.S.C. § 2253(c)(3).

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>    October 30, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |